UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES PAYNE, | ) |
|     Plaintiff | ) ) ) |
| vs. | )   CAUSE NO. 3:04-CV-92 RM |
| STANLEY KNIGHT, *et al.*, | ) ) ) |
|     Defendants | ) |

OPINION AND ORDER

James Payne submitted a complaint under 42 U.S.C. § 1983 against Miami Correctional Facility Superintendent Stanley Knight and officers Christopher Hight and Jeff White. The court screened the complaint pursuant to 28 U.S.C. § 1915A and allowed Mr. Payne leave to proceed against the defendants in their personal capacities for damages on his claims that defendants Hight and White failed to protect him from an assault by another inmate, and that he was denied medical treatment in violation of the Eighth Amendment by defendant Stanley Knight. The defendants move for summary judgment, pursuant to FED. R. CIV. P. 56, on the questions of whether Mr. Payne exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a), and whether defendant Knight was personally involved in denying Mr. Payne medical care. Mr. Payne has responded to the defendants' summary judgment motion.

Mr. Payne alleges that on December 23, 2002, he was removed from his cell and treated for injuries inflicted by his cell mate. He alleges that after he was treated, defendants Hight and White were taking him back to his cell when he told them that his cell mate would attack him again if he returned. He alleges he was

physically forced into his cell while his cellmate stood in the cell telling the officers that he was going to hit Mr. Payne. When officers Hight and White forced Mr. Payne into the cell, his cellmate punched him. Mr. Payne was again removed from the cell and sent back to the medical department because he had a broken tooth. Mr. Payne alleges that the tooth was not treated for four months and because the root was exposed he suffered serious pain.

The defendants allege that Mr. Payne failed to exhaust all administrative remedies. In support of their summary judgment motion, the defendants submit the declaration of an Indiana Department of Correction official that establishes that the Indiana Department of Correction ("IDOC") has an established grievance procedure, that an IDOC employee's failure to protect him from another inmate and that the denial of dental care are grievable, and that IDOC records do not establish that Mr. Payne completed the grievance process beyond the second step concerning the grievance he filed about the failure to protect. Defendant Knight also submitted his own declaration that he was not personally liable for Mr. Payne's denial of dental care.

Mr. Payne's response to the defendants' motion argues that he did exhaust his available administrative remedies and that defendant Knight was personally responsible for the denial of medical treatment.

Mr. Payne says that his first grievance was refused and the reason stated was "This grievance needs to be rewritten. It does not have a workable remedy. Staff work placement and apologies are not workable remedies." (Exhibit C to Supplemental Declaration of Amy Clark). In her first declaration, Amy Clark states that among the actions higher officials might take could be transferring offending

2

staff members. Mr. Payne argues that he was seeking an apology and repair of his tooth as a remedy, not staff work placement, yet he was directed to rewrite the grievance. In step two of the process, Mr. Payne asked for other possible workable remedies since the ones he suggested were not "workable" by the institution. The request that his broken tooth be repaired was not mentioned in either response by the institution.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.

In considering whether genuine issues of material fact exist, the court views the record, and extracts all reasonable inferences from the evidence, in the light most favorable to the nonmoving party. The nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment. McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must establish facts showing the defendant's participation or direct responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

Defendant Knight denies under oath that he had any personal involvement in denying Mr. Payne any dental care. Defendant Knight says he is not trained to evaluate or treat medical problems, is not authorized to override medical decisions made by licensed medical practitioners, and that he was not aware of Mr. Payne's dental problems.

Defendant Knight's summary judgment motion pointed out the fact and law that would keep Mr. Payne from succeeding on his claim against him, see Timms v. Frank, 953 F.2d 281, 285-286 (7th Cir.); Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). Because the defendant met his initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Payne to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, to allow a factfinder to decide the case in his favor. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). If a non-moving party

4

does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 884 (1990), *citing* Celotex Corp. v. Catrett, 477 U.S. at 323. Mr. Payne has not met that burden because he has not provided admissible evidence that defendant Knight had any personal involvement in denying him dental care.

Prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. 42 U.S.C. § 1997. Pursuant to § 1997e(a), a prisoner must exhaust available administrative remedies before bringing an action with respect to prison conditions. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002). If the Indiana Department of Correction has a grievance procedure and the defendants' alleged failure to protect Mr. Payne was grievable, then § 1997e(a) requires that he grieve the matter before filing a civil complaint.

In support of their summary judgment motion, the defendants submit two declarations of Amy Clark, the Grievance Specialist at the Miami Correctional Facility. Her first declaration describes the Indiana Department of Correction Grievance Procedure and the steps a prisoner must take to file and exhaust a grievance. She states that Mr. Payne filed a grievance regarding the failure of the

defendants to protect him, but that he didn't proceed past step two. Ms. Clark declares that she has searched the records of the Indiana State Prison and if Mr. Payne had exhausted the grievance process, there would be a record of it. Her second affidavit includes "The Offender Grievance Process from the Administrative Procedures Manual of Policies and Procedures from the Indiana Department of Corrections", and copies of the two grievances filed by Mr. Payne.

Defendant Hight submitted an affidavit that he didn't tell Mr. Payne that he was no longer eligible to participate in the grievance system, and that he didn't discuss the grievance system or Mr. Payne's own grievances with Mr. Payne. He says Mr. Payne never asked him for a grievance form while he was at MCF.

Mr. Payne's declaration alleges that he filed the first three steps necessary in the grievance system before he was transferred to an institution outside the state of Indiana. Section XV of the "The Offender Grievance Process from the Administrative Procedures Manual of Policies and Procedures from the Indiana Department of Corrections" says, "All grievances must include a suggested remedy . . ." The first step filed by Mr. Payne suggested as a remedy that he be given a formal apology and that his broken tooth be repaired. That step was refused because the remedy was not workable, the second step was refused for the same reason, and the third step was not returned before Mr. Payne was transferred. He says defendant Hight informed him that any and all pending grievances or investigations would become moot upon his release date and would not be followed up. He says he asked defendant Hight to bring him a grievance form.

When defendant Hight returned, he told Mr. Payne that he was no longer eligible to participate in the IDOC inmate grievance system.

The defendants argue that Mr. Payne did not exhaust his available administrative remedies. They argue that Mr. Payne never bothered to pursue his grievance beyond the second step of the grievance process. They argue that even if he had filed the third step, and even if it was not returned, he should have completed the grievance process by filing the final two steps after he was transferred out of state. Mr. Payne says he properly completed the first three steps, two of which were refused as not including a workable remedy, and then he was transferred. He says that he believed, based on what the defendant told him, that after he was transferred his grievance was moot and he was not eligible to continue participating in the grievance process.

The first genuine issue of material fact is whether Mr. Payne filed the third step in the grievance process. If, as the defendants argue, Mr. Payne didn't file the third step, Mr. Payne failed to exhaust administrative remedies. If Mr. Payne did file the third step and then was transferred, the second genuine issue of material fact is whether defendant Hight told Mr. Payne that he was ineligible to participate in the grievance process after he was transferred. If defendant Hight told Mr. Payne, and Mr. Payne believed, he could no longer participate in the grievance system once he was transferred, then he exhausted all available procedures.

Giving Mr. Payne the benefit of the inferences to which he is entitled under Celotex Corp. v. Catrett, he has sufficiently established that there are genuine

7

issues of material fact as to whether he exhausted his available administrative remedies.

For the foregoing reasons, the court GRANTS in part and DENIES in part the defendants' motion for summary judgment (docket #64). Summary judgment is granted in favor of Stanley Knight, and denied as to Christopher Hight and Jeff White.

ENTERED: May  9 , 2005

                                        /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court